UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HAYLIE LACOMBE | CIVIL ACTION 14-14 |
| VERSUS | DISTRICT JUDGE DRELL |
| ALEJANDRO GAMEZ, et al | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **Doc. 6**, referred to me by the district judge for report and recommendation.

Plaintiff sues for damages as a result of an automobile accident in which she was rear ended by a tour bus driven by defendant Gamez and owned by OK Tours, LLC and insured by Protective Ins. Company. Suit was filed in Avoyelles Parish, Louisiana, on December 11, 2012. Defendant filed its notice of removal to this court based on diversity jurisdiction on January 6, 2014, more than one year after suit was filed. Defendant stated, in its notice of removal, that the amount in controversy exceeds the jurisdictional limits of this court, $75,000, based on a settlement demand letter from plaintiff's attorney dated December 9, 2013 and received by defendant's attorney on December 12, 2013. Plaintiff moves to remand asserting that the removal comes too late, having been filed more than one year after commencement of suit. Plaintiff further argues that defendants could have removed the case following their taking of the discovery deposition of the plaintiff in June of 2013.

1

Analysis

A defendant can remove to federal court any civil action brought in state court over which the district court would also have had original jurisdiction. 28 U.S.C. § 1441(a). A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties. See 28 U.S.C. § 1332(a). The amount in controversy required by § 1332(a) is currently $75,000. Id. Any ambiguities are construed against removal and in favor of remand to state court. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir.2000)). The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Id. (citations omitted).

Ordinarily a defendant has 30 days from commencement of the suit within which to file a notice of removal. In Louisiana, commencement of suit means filing of suit. La. CCP Art. 421; Braud v. Transport Service Co. Of Illinois, 445 F.3d 801 (5th Cir. 2006.  In Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392 (5th Cir. 2013), the Fifth Circuit reaffirmed the bright line rule requiring the plaintiff, if he wishes the thirty-day time period for removal to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount. The Mumfrey court also made clear that, although the clock doesn't begin ticking unless the damages claimed are affirmatively set forth, a defendant is always free to remove the case within that 30 day period by showing by a preponderance of the evidence that the claim is really for more than $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

The defendant may make this showing in either of two ways: (1) by demonstrating that it

2

is facially apparent from the complaint that the claims are likely above $75,000, or (2) by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.  Allen, 63 F.3d at 1335.  See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute, for example, that prohibits recovery of more than the amount sought.  De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra.  While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is, not facially apparent, at the time of removal.  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra.  See also, (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal.  Allen, 63 F.3d at 1335.

If the case is not removed within the 30 days then it may be removed only within 30 days of the receipt of "other paper" from which it can first be determined that the case is removable. 28 U.S.C. 1446(b)  The "other paper" must be unequivocally clear and certain in order to start the

time for removal running. Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th C. 2002). Examples of "other paper" include a demand letter (Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759 (5th Cir. 2000) ), and appeal brief (Addo v. Globe Life, 230 F.3d 759, 762 (5th Cir. 2000)), discovery responses, Leboeuf v. Texaco, 9 F.S.2d 661 (E.D. La. 1998); Demette v. Wal-mart Stores, Inc. 1991 WL 637107 ( W.D.La.1991); Bolin v. Wal-Mart Stores, Inc. 6:93CV1562; Malveaux v. Wal-Mart Stores, Inc., et al, 6:95CV1065 (W.D.La. 1995).

Analysis

In accordance with Louisiana law, plaintiff's petition does not allege entitlement to a specific amount of damages. Neither does he make the required statement as to federal jurisdiction. He does, however assert damages sufficient to trigger the right to a jury trial in state court, $50,000, which defendants have asserted. Plaintiff argues that defendants had sufficient information after plaintiff's deposition such that they were required to remove the case then. Defendants disagree and suggest that plaintiff, through counsel, is in bad faith for having withheld his demand for more than $75,000 until after the one year limitation period had run.

In her deposition transcript which has been filed with the court, plaintiff testified that immediately after the accident she felt fine, but about 30 minutes later she began to experience pain in her neck and back. Her father took her to the hospital, X-rays were made and she was sent home with muscle relaxants. A week later she saw her family doctor who changed the muscle relaxant; shortly thereafter, an MRI was performed. The record does not reflect the results of the MRI. Then plaintiff was referred t Dr. Blanda by her attorney. In the meantime, she saw her dentist because she was having headaches and her jaw would "lock up". She was prescribed a splint. She last saw Dr. Blanda in December 2012 and at that time had told him that she had no

4

symptoms. Nevertheless, in her deposition in June she testified "I'm still having the problems with my neck and everything". She had also been referred by her dentist to a doctor for her jaw. X-rays were made and she was diagnosed with TMJ (temporomandibular joint disfunction). He recommended plaintiff continue to wear the splint and, after her baby was born, he would prescribe muscle relaxants and, if that didn't work, consider TMJ surgery.

At the time of her deposition, plaintiff continued to complain of neck pain and said she would "lose feeling and all control over my hands and arms" two to three times a week. She also continued to complain of headaches and sharp pains in her low back. Although she had told Dr. Blanda that she was asymptomatic, she said when she discontinues physical therapy, "it starts back". The headaches have gotten worse, and the low back, a little better. The jaw is still the same, she said. She also said that she has been told she has a disc problem in her neck.

Neither party has favored the court with medical reports or bills. Defendant did not file a request for admission regarding the amount being claimed in the case. Neither have the parties provided the court with any quantum analysis as to the value of the damages claimed. The court's own research shows that the value of the TMJ is $15,000 to 25,000 without surgery and perhaps $50,000, more or less, for the back. See Knepper v. Robin 745 So.2d 1248 (3rd C. 1999). In addition, plaintiff claims damages for headaches and neck pain. Add to that past and any future medical expenses.

On the meager evidence[1] presented by the parties, I find, by a preponderance of the evidence, and keeping in mind that it is the amount placed in dispute that matters, not the amount

---

[1] Medical evidence would have assisted the court in more accurately assessing the amount in dispute.

which may be ultimately recovered, that the total amount placed in dispute by plaintiff's deposition testimony exceeds the sum of $75,000. I note that, prior to the deposition, defendant sought a jury trial in state court, thereby admitting that the damages in dispute exceeded $50,000. La. CCP Art. 1732.

Therefore, defendants had a period of 30 days form the date of the deposition, June 5, 2013, to remove the case to this court. The case was not removed until January 6, 2014. It is, therefore, untimely. In view of this finding, it is not necessary to consider defendant's argument that plaintiff is in bad faith in delaying her demand letter until after the year had run.

For these reasons, IT IS RECOMMENDED that the motion to remand, doc. #6, be GRANTED and this matter be remanded to the 12th Judicial District Court, Parish of Avoyelles, State of Louisiana.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN**

**ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 14th day of March, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE